# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
# FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**MARTHA L. STUCKEY**

    **Plaintiff,**

vs.

**TERRY DEWAYNE FRAZIER;**
**and KTI, LLC.**

    **Defendants.**

Docket No. _____
Division _____

**JURY DEMANDED**

## COMPLAINT

COME NOW Plaintiff, Martha L. Stuckey, by and through counsel, hereby file this Complaint against Defendants, Terry Dewayne Frazier and KTI, LLC, for personal injuries and damages, and states as follows:

### PARTIES

1. Plaintiff, Martha L. Stuckey ("Plaintiff"), is an adult resident of Shelby County, Tennessee.

2. Defendant, Terry Dewayne Frazier ("Defendant Frazier"), is an adult resident of Crittenden County, Arkansas, residing specifically and may be served at 517 Highland Drive, West Memphis, Arkansas 72301.

3. Upon information and belief, Defendant KTI, LLC ("Defendant KTI") is a Limited Liability Company formed in Arkansas with its principal place of business in Arkansas. Defendant KTI may be served with process via its registered agent:

    Richard Kirkman,
    I-55 NE Service Rd,
    Marion, AR, 72364.

1

## JURISDICTION AND VENUE

4. This cause of action arises in tort out of personal injuries and damages incurred as a result of a motor vehicle collision in Shelby County, Tennessee on or about February 20, 2019.

5. The incident that forms the basis of this suit occurred in Shelby County, Tennessee; thus, venue is proper in this county.

6. The incident that forms the basis of this suit occurred on or about February 20, 2019; thus, this suit is timely filed.

7. This Court has *in personam* jurisdiction over the Defendants because the acts and omissions giving rise to this action were committed in whole or in part in the State of Tennessee against residents of the State of Tennessee.

8. This Court has subject matter jurisdiction over this matter pursuant to TENN. CODE ANN. § 16-10-101.

## STATEMENT OF FACTS

9. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

10. On or about February 20, 2019, at approximately 11:45 AM, Plaintiff was operating a brown 2013 Hyundai Elantra, VIN No.: 5NPDH4AE0DH318172, traveling westbound on East Shelby Drive, near west of Pleasant Hill Road in Shelby County, Tennessee.

11. At said time and date, Defendant Frazier was also driving westbound on East Shelby Drive, near west of Pleasant Hill Road in Shelby County, Tennessee, operating a 2012 white Freightliner Truck, VIN No.: 1FUJA6CK05LU11334 , license tag no.: K787685, KY in the lane adjacent to which Plaintiff was traveling.

**12.** Suddenly, and without warning, while Plaintiff was operating her vehicle, the vehicle operated by Defendant Frazier and owned by Defendant KTI at the aforementioned time and location attempted to merge into Plaintiff's lane and violently struck the driver side of Plaintiff's vehicle.

**13.** Upon information and belief, Plaintiff alleges that at all times described herein, on or about February 20, 2019, Defendant Frazier was operating the above-referenced vehicle as the agent, servant, and/or employee of Defendant KTI. Thus, Plaintiff relies upon §55-10-311 and §55-10-312 of the Tennessee Code Annotated and the doctrines of respondeat superior and agency, alleging that any negligence on the part of Defendant Frazier should be imputed to Defendant KTI.

**14.** At all times pertinent hereto, Plaintiff's vehicle was being operated in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway, when Defendant Frazier's negligence caused the collision with Plaintiff's vehicle.

**15.** Plaintiff did not have an opportunity to avoid the collision and, as a direct and proximate result of the negligence, gross negligence, and/or recklessness of the Defendants, Plaintiff sustained personal injuries and other damages described herein.

## CAUSES OF ACTION

### COUNT I - NEGLIGENCE

**16.** Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

**17.** Plaintiff charges that Defendant Frazier operated his vehicle with negligent and/or reckless disregard for the safety of others, including Plaintiff.

18. Defendant Frazier owed a duty to Plaintiff and to the public to drive in a safe and reasonable manner under the circumstances.

19. Defendant Frazier is guilty of one, some, or all of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages and which acts of negligence should be imputed to Defendant KTI, to wit:

    a. Failing to use that degree of care and caution in the operation of his vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    b. Failing to maintain a safe lookout;

    c. Failing to devote full time and attention to the operation of his vehicle;

    d. Failing to see what was there to be seen;

    e. Driving in a reckless manner;

    f. Negligently driving too quickly for traffic conditions;

    g. Negligently colliding with a properly-travelling vehicle;

    h. Negligently failing to yield to Plaintiff

    i. Other acts and/or omissions to be shown at the trial of this cause.

## COUNT II - NEGLIGENCE *PER SE*

20. Plaintiff re-alleges and incorporates the allegations in all preceding paragraphs as if fully set forth herein.

21. Defendant Frazier violated the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision, and which acts of

negligence should be imputed to Defendant KTI, constituting negligence *per se,* to wit:

### T.C.A. § 55-8-103   Required obedience to traffic laws

It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

### T.C.A. § 55-8-136   Drivers to exercise due care

(a) Notwithstanding any speed limit or zone in effect at the time or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb or property.

### T.C.A. § 55-10-202   Operating a vehicle contrary to law

(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law.
(b) A violation of this section is a Class C misdemeanor.

### T.C.A. § 55-10-205   Reckless driving

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

22. Plaintiff charges and alleges that Defendant Frazier was in violation of the following City of Memphis Ordinances, which were in full force and effect at the time and place of the collision and which acts of negligence should be imputed to Defendant KTI, constituting negligence per se, to wit:

5

### M.M.C. § 11-16-2      Duty to devote full time and attention to operating vehicle

It shall be unlawful for a driver of a vehicle to fail to devote full time to the driving of said vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

### M.M.C. § 11-16-3      Duty to drive at safe speed, maintain lookout, keep vehicle under control

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:

(1) Operate his vehicle at a safe speed;
(2) Maintain a safe lookout;
(3) Use due care to keep his vehicle under control.

### M.M.C. § 11-16-44    Reckless driving

Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

## **NEGLIGENT HIRING, SUPERVISION, AND TRAINING**

**23.**  Plaintiff alleges, upon information and belief, that Defendant KTI knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Frazier's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manor.

**24.**  Plaintiff alleges that Defendant KTI is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to wit:

a. Negligent training of Defendant Frazier ;
b. Negligent supervision of Defendant Frazier ;
c. Negligent hiring of Defendant Frazier ;
d. Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENT/RECKLESS ENTRUSTMENT

25. Plaintiff alleges that Defendant KTI negligently and/or recklessly entrusted the subject commercial truck to Defendant Frazier on the date of the subject collision.

26. As a result of the negligence and/or recklessness of Defendant Frazier while driving the vehicle entrusted to him by Defendant KTI, Plaintiff suffered serious and permanent injuries and damages.

27. Defendant KTI is liable for all of the Plaintiff's injuries and damages under the theory of negligent entrustment.

## INJURIES AND DAMAGES

28. Plaintiff re-alleges and incorporate the allegations in all preceding paragraphs as if fully set forth herein.

29. As a direct and proximate result of the above-described breaches of duties, violations of the common law, and state statutes by Defendants, Plaintiff has suffered injuries and damages, including but not limited to:

   (a) serious and painful physical injuries,
   (b) past, present, and future physical and emotional pain and suffering;
   (c) past, present, and future mental anguish and emotional distress;
   (d) temporary and permanent impairment and disability;
   (e) have incurred reasonable and necessary medical expenses and will incur further expenses in the future;
   (f) certain other reasonable and necessary healthcare expenses, prescription expenses, certain transportation expenses to and from healthcare providers, and other out-of-pocket expenses, the nature and amount of which yet to be determined;
   (g) loss of quality and enjoyment of the normal pleasures of life, past, present, and future;
   (h) inconvenience;
   (i) past, present, and future lost wages;
   (j) loss of future earning capacity; and
   (k) other damages to be proven at trial.

## **P**RAYER FOR **R**ELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully request the following relief:

30. For a judgment against the Defendants for damages, to be determined by the jury, in the amount of $500,000.00 to compensate Plaintiff for all injuries and damages she suffered as result of the Defendants' actions.

31. For all general and special damages caused by the herein alleged conduct of Defendants;

32. Post-judgment interest; and

33. For all other relief to which Plaintiff may be entitled under Tennessee law.

34. Plaintiff respectfully pray for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief as the Court and jury deem just.

Respectfully submitted,

REAVES LAW FIRM, PLLC

_____
Robert Gatewood, Esq. (TN#24435)
Lan Chen, Esq. (TN #036756)
*Attorneys for Plaintiff*
4466 Elvis Presley Blvd., Suite 310
Memphis, Tennessee 38116
P: 901-417-7166
F: 901-328-1352
Robert.Gatewood@beyourvoice.com
Lan.chen@beyourvoice.com